BOARD OF EDUCATION OF THE CITY OF IRON MOUNTAIN
*v.* VOELKER.

1. SCHOOLS AND SCHOOL DISTRICTS—PRIMARY SUPPLEMENT FUND—
   SCHOOL EQUALIZATION FUND — APPORTIONMENT — STATEMENT TO
   AUDITOR GENERAL.

   Under Act No. 236, Pub. Acts 1933, it is mandatory that the
   superintendent of public instruction apportion the primary
   supplement and school equalization funds in August of each
   year among all the public school districts of the State and
   indicate the amount due each district in his statement to the
   auditor general regardless of the state of the funds. or moneys
   available.

2. MANDAMUS—SUPERINTENDENT OF PUBLIC INSTRUCTION—APPOR-
   TIONMENT OF SPECIAL SCHOOL EMERGENCY FUND.

   Action of superintendent of public instruction in apportioning
   special school emergency fund on his finding that public in-
   terest requires such action is not controllable by the court on
   mandamus until the expiration of the fiscal year within which
   he must act (Act No. 16, Pub. Acts 1933 [Ex. Sess.]).

3. SAME — APPORTIONMENT OF CERTAIN SCHOOL FUNDS — FISCAL
   YEARS.

   During the fiscal biennium for 1933–1935, after expiration of
   first fiscal year a city board of education is entitled to writ
   of mandamus to compel the superintendent of public instruc-
   tion to complete statement to auditor general as to amount
   due each district from primary supplement, school equalization
   and special school emergency funds in order to enable board
   to make proper demand for and enforce payment of sums due
   it but is not entitled to such writ as to the second fiscal year
   prior to its expiration (Act No. 236, Pub. Acts 1933, Act
   No. 16, Pub. Acts 1933 [Ex. Sess.]).

Mandamus by the Board of Education of the City
of Iron Mountain, a municipal corporation, on its
own behalf and that of others, to compel Paul F.

Voelker, superintendent of public instruction, to apportion certain school funds for the fiscal biennium of 1933–1935. Submitted March 12, 1935. (Calendar No. 37,989.) Writ allowed as to first fiscal year and denied as to second fiscal year April 8, 1935.

*Ray Derham*, for plaintiff.

*Harry S. Toy*, Attorney General, *Arthur E. Kidder* and *Edmund E. Shepherd*, Assistants Attorney General, for defendant.

FEAD, J. This is mandamus to compel defendant to set up and apportion certain school funds under Act No. 236, Pub. Acts 1933, effective July 7, 1933, and Act No. 16, Pub. Acts 1933 (Ex. Sess.), effective January 2, 1934, enacted to provide State aid to schools.

Act No. 236 appropriates $15,000,000 annually, or the necessary part thereof, from the special retail sales tax fund, provided by Act No. 167, Pub. Acts 1933, effective June 28, 1933. It requires the superintendent of public instruction to set up two funds, into which the $15,000,000 is divided and put. The first fund is the "school equalization fund," consisting of an amount equal to one-tenth of the sum obtained by adding $15,000,000 to the amount of the primary school interest fund as determined for the year. The balance of the $15,000,000 is placed in a "primary supplement fund." The latter fund is to be distributed among all school districts in the same manner as the primary school interest fund, with certain exceptions and limitations not of interest here.

The school equalization fund has the special purpose of providing districts with sufficient moneys to equal $40 for each elementary pupil and $65 for each high school pupil. The allotment to each district from the school equalization fund is the amount necessary to attain the required sum after making allowance for its other sources of revenue, (1) the primary school interest fund, (2) the primary supplement fund, and (3) a sum equal to a three mill tax on the assessed valuation of the district.

The act requires apportionment of the funds "among the public school districts of the State" by the superintendent of public instruction between August 5 and 15, 1933, and annually thereafter, and upon the basis of conditions on June 30th of the preceding year. On or before September 1st the superintendent is required to prepare a "statement of the amount to be distributed under the provisions of this act, and deliver the same to the auditor general." On September 1st, December 1st, and March 1st, the auditor general is required to draw warrants on the State treasurer in favor of the respective county treasurers for one-third of the total amount of each of the two funds, payable to the county, and also to send written notices to the county clerk setting up the amounts payable to the townships and cities for the respective school districts.

Act No. 16 created a "special school emergency fund" for the years ending June 30th in 1934 and 1935. It credits thereto the appropriation under Act No. 167, provides for moneys from Act No. 8, Pub. Acts 1933 (Ex. Sess.), effective December 15, 1933, the liquor control act, and also for the appropriation from the general fund of the State, for the

year ending June 30, 1934, of a sum which, with the other revenues, would not exceed $15,000,000. It also provides that revenues received into the special school emergency fund shall be distributed and apportioned according to the provisions of Act No. 236, upon the dates therein specified or upon such other dates as, in the opinion of the superintendent of public instruction, the public interest should require. It further empowers the superintendent, with consent of an augmented State administrative board, if there are sufficient funds in the special school emergency fund for the purpose, to order an advance distribution in whole or in part to a school district upon a showing of immediate and extreme need, such distribution to be considered a charge against any sum to which the school district should be entitled under the provisions of Act No. 236 for the fiscal year for which such apportionment is made.

Plaintiff sues in behalf of itself and school districts of the cities of Ironwood and Escanaba. They have received moneys from both the school equalization fund and the primary supplement fund, but it is conceded they have not had all the money due them upon statutory apportionment and full payment thereof.

On June 25, 1934, defendant made an apportionment of the funds for the fiscal year 1933–1934, but the statement he filed with the auditor general fixed the amounts for distribution by counties and not by school districts. He has made no apportionment for the year 1934–1935.

Act No. 236 imposed on defendant the mandatory duty to make apportionment in August and it is evident from the dates of the respective statutes that

such duty was in nowise dependent upon the state of the funds or the moneys available.

The act plainly requires the statement filed with the auditor general to indicate the amount due each district because the duty of the superintendent of public instruction ended with the apportionment and filing of the statement and nothing remained but for the auditor general to remit at the times provided by law and give the notices which would permit distribution among the districts.

Act No. 16 made no change in the matter of apportionment or distribution except as to time. As it committed the time to the judgment of the superintendent of public instruction on his finding of "public interest" his action is not controllable by the court until the expiration of the period within which he is bound to act. We need not consider the effect of Act No. 16 upon defendant's duty to make proper apportionment in August, 1933, because, in any event, he had the duty to make it at some time before July 1, 1934, and plaintiff is entitled to have the apportionment made complete by the filing of the proper statement with the auditor general. As to the year 1934–1935 the duty does not become absolute until June 30th next.

It is suggested that writ of mandamus ought not to issue because the apportionment and filing of the statutory statement with the auditor general would avail nothing as he can pay out no money until it is made available by the State administrative board. Until defendant has made the apportionment and filed the statement required by law, plaintiff is not in a position to demand payment of moneys due it. When defendant has performed his statutory duty, plaintiff will be able to make a proper demand and

enforce it by appropriate remedies so far as it may be enforceable. It is not until demand for actual payment is made that such financial matters as moneys available, deficits and authority to disburse need consideration. Plaintiff is entitled to be put in a position where it can pursue such remedies as are open to it for the recovery of the balance due it.

Writ will issue, if necessary, to compel the defendant to make and file proper apportionment and statement of the funds for the fiscal year 1933–1934. It is denied for prematurity of action and without prejudice as to the year 1934–1935. No costs.

POTTER, C. J., and NELSON SHARPE, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.